IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAY ERIC SCHWARTZ,                         No. 6:12-cv-00774-HZ

          Plaintiff,                          OPINION & ORDER

     v.

CAROLYN COLVIN, Commissioner,
Social Security Administration,

          Defendant.

Tim D. Wilborn
Wilborn Law Office, P.C.
P.O. Box 370578
Las Vegas, NV 89137

      Attorney for Plaintiff

Adrian L. Brown
U.S. Attorney's Office
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

1 - OPINION & ORDER

Kathy Reif
Social Security Administration
Office of the General Counsel
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98105-7075

      Attorneys for Defendant

HERNANDEZ, District Judge:

      Plaintiff Jay Schwartz brings this action for judicial review of the Commissioner's final decision denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. I have jurisdiction under 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1382(c)(3)). For the following reasons, I reverse the Commissioner's decision and remand for an award of benefits.

## BACKGROUND

      Plaintiff was born in 1950 and was 58 years old at the alleged onset of disability. Tr. 57. He has a four-year college degree (Tr. 57) and reports past work as a dishwasher. Tr. 88, 171. Plaintiff alleged disability since October 10, 2008 (Tr. 52) due to obsessive compulsive disorder, anxiety, "discrapia," hearing loss, and deafness in one ear. Tr. 152. Additionally, in his function report, Plaintiff indicates that he has memory problems and cannot remember instructions or follow them. Tr. 181-84.

      The Commissioner denied Pierce's application initially and upon reconsideration (Tr. 98, 107), and an Administrative Law Judge ("ALJ") held a hearing on November 1, 2010. Tr. 113. The ALJ found Plaintiff not disabled on December 23, 2010. Tr. 16-18. The Appeals Council declined review of the matter on February 29, 2012, making the ALJ's decision the final decision of the Commissioner. Tr. 1-3.

/ / /

2 - OPINION & ORDER

SEQUENTIAL DISABILITY ANALYSIS

A claimant is disabled if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated according to a five-step procedure. See Valentine v. Comm'r, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability). The claimant bears the ultimate burden of proving disability. Id.

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity (RFC) to perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. In step five,

the Commissioner must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets his burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

The ALJ found Plaintiff's total hearing loss in the right ear, mild sensori-neural hearing loss in the left ear, mild obsessive compulsive disorder, cognitive disorder, and anxiety "severe" at step two in the sequential proceedings. Tr. 21. At step three, the ALJ found that the impairments, singly or in combination, did not meet or equal the requirements of any listed impairment. Tr. 23. The ALJ assessed Plaintiff's RFC and concluded that he could perform "a full range of work at all exertional levels" but with the following limitations: "avoid concentrated exposure to noise," routine and repetitive tasks with simple instructions, written instructions or the ability to take notes on the instructions, and the flexibility to refer to the notes regarding the instructions throughout the day. Tr. 25. The ALJ found that this RFC did not allow Plaintiff to perform his past relevant work as a dishwasher. Tr. 29. The ALJ found there were jobs existing in the national economy in sufficient numbers that he could have performed. Tr. 30. The ALJ therefore found Plaintiff not disabled under the Commissioner's regulations. Id.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence" means "more than a mere scintilla, but less than a

preponderance." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.

This court must weigh the evidence that supports and detracts from the ALJ's conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998)). The reviewing court may not substitute its judgment for that of the Commissioner. Id. (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)); see also Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. Id.; see also Batson, 359 F.3d at 1193. However, this court cannot now rely upon reasoning the ALJ did not assert in affirming the ALJ's findings. Bray, 554 F.3d at 1225-26 (citing SEC v. Chenery Corp., 332 U.S. 194, 196 (1947)); see also Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (citing same).

DISCUSSION

Plaintiff raises several errors in the ALJ's decision: (1) rejecting Plaintiff's testimony as not credible, (2) failure to fully and fairly develop the record regarding Plaintiff's blindness in his right eye, (3) rejecting the opinion of examining psychologist Dr. Rory Richardson, (4) rejecting the lay witness statement of Tonie Tartaglia, (5) failure to apply the medical–vocational guidelines found at 20 C.F.R. § 404, Subpart P, Appendix 2 to determine disability, and (6) presenting an invalid hypothetical to the vocational expert ("VE"). I agree that the ALJ erred by not fully incorporating the opinion of Dr. Richardson and the lay testimony of Tartaglia. Because these errors are dispositive to the determination of disability, I need not address the other errors raised by Plaintiff.

5 - OPINION & ORDER

I.      Medical Evidence

Plaintiff argues that the ALJ ignored Dr. Richardson's opinion that Plaintiff has a memory impairment and that "information would have to be repeatedly reviewed to order to assure any level of effective memory." Pl.'s Br. 9 (citing Tr. 224).

Disability opinions are reserved for the Commissioner. 20 C.F.R. § 404.1527(e)(1). When making that determination, the ALJ generally must accord greater weight to the opinion of a treating physician than that of an examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ must also generally give greater weight to the opinion of an examining physician over that of a reviewing physician. Id. The ALJ may reject physician opinions that are "brief, conclusory, and inadequately supported by clinical findings." Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).

The ALJ gave Dr. Richardson's opinion significant weight. Tr. 27. However, Plaintiff argues that the ALJ did not fully encompass Dr. Richardson's opinion regarding Plaintiff's memory impairment. After administering objective testing, Dr. Richardson found that Plaintiff's general memory was "extremely low…less than 1 percentile," working memory was "low average…21 percentile," auditory immediate memory was "extremely low…2 percentile," and auditory delayed was "extremely low…less than 1 percentile." Tr. 224. Additionally, Plaintiff's visual delayed memory was "extremely low…2 percentile." Id. Because of the impaired memory, "information would have to be repeatedly reviewed in order to assure any level of effective memory." Id.

Dr. Richardson concluded that Plaintiff's memory is "significantly impaired, especially auditory memory." Tr. 225. Specifically, "[t]asks that require [Plaintiff] to hold information in his mind and present with intact recall would not be appropriate[.]" Tr. 225. Dr. Richardson

suggested that "repetition and routine" could help with the memory impairment.  Tr. 225.  The ALJ incorporated Dr. Richardson's recommendation in Plaintiff's RFC by limiting Plaintiff to routine and repetitive tasks with simple instructions, a requirement for written instructions, a need to take notes on the instructions and the flexibility to refer to those instructions throughout the day.  Tr. 25.  I agree with Plaintiff that the RFC does not fully account for the severity of Plaintiff's memory impairment.  Even with written instructions and the ability to take notes on those instructions, with Plaintiff's severely impaired memory, Plaintiff would need to constantly be advised or constantly look at his notes to complete tasks.  At the hearing, the VE testified that if Plaintiff would need to be repeatedly advised on how to perform the task, Plaintiff would not be able to sustain employment at the jobs identified by the VE.[1]  Tr. 93.  The ALJ erred by not fully incorporating Dr. Richardson's opinion in Plaintiff's RFC.

II.     Lay Witness Testimony

Plaintiff argues that the ALJ improperly rejected the testimony of Tonie Tartaglia.  Tr. 13.  Plaintiff has lived with Tartaglia, Plaintiff's significant other (Tr. 163) in her house for four to five years.  Tr. 73.

The ALJ has a duty to consider lay witness testimony.  20 C.F.R. §§ 404.1513(d), 404.1545(a)(3); Bruce v. Astrue, 557 F.3d 1113, 1116 (9th Cir. 2009).  Friends and family members in a position to observe the claimant's symptoms and daily activities are competent to testify regarding the claimant's condition.  Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993).  The ALJ may not reject such testimony without comment and must give reasons germane to the witness for rejecting her testimony.  Bruce, 557 F.3d at 1115; Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996).

---

[1] Based on the RFC formulated by the ALJ, the VE testified that Plaintiff could perform work on a packing line, bagger, or garment sorter.  Tr. 90-91.

7 - OPINION & ORDER

Plaintiff argues that the ALJ did not consider the portion of Tartaglia's which describes how Plaintiff needs directions repeated 20-30 times, even if the instructions are written down, to complete a task. Pl.'s Br. 14. Tartaglia testified at the hearing that Plaintiff "cannot walk across the room and remember [the direction]. He can't even repeat it back to me. I have to repeat things…as much as 20 or 30 times now, and…usually have to stand there with him and walk him through it." Tr. 83. The RFC does not account for Plaintiff's need to have directions repeated to him many times and the need to have someone watching over him as the task is completed. The ALJ erred by not addressing this part of Tartaglia's lay witness testimony.

III.     Remand

A court may set aside the Commissioner's denial of benefits only when the Commissioner's findings are based on legal error or are not supported by substantial evidence in the record as a whole. Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009). The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. Rodriguez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1989).

Because the ALJ failed to consider the entirety of Dr. Richardson's opinion and Tartaglia's testimony, the RFC failed to reflect Plaintiff's limitations. However, Dr. Richardson's opinion, when considered by the VE, establishes that there are no jobs in the competitive workforce for an individual with Plaintiff's limitations. Therefore, no useful purpose

would be served by further administrative proceedings. The record has been fully developed and establishes disability.

## CONCLUSION

The Commissioner's decision is reversed and this case is remanded for an award of benefits.

IT IS SO ORDERED.

Dated this 29 day of August, 2013

/s/ Marco Hernandez
MARCO A. HERNANDEZ
United States District Judge