IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAY ERIC SCHWARTZ

            Plaintiff,

    v.

CAROLYN COLVIN, Commissioner,
Social Security Administration,

            Defendant.

No. 6:12-cv-00774-HZ

OPINION & ORDER

Tim D. Wilborn
Wilborn Law Office, P.C.
P.O. Box 370578
Las Vegas, NV 89137

       Attorney for Plaintiff

Adrian L. Brown
U.S. Attorney's Office
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

1 - OPINION & ORDER

Kathy Reif
Social Security Administration
Office of the General Counsel
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98105-7075

Attorneys for Defendant

HERNANDEZ, District Judge:

Plaintiff Jay Schwartz brought this action seeking judicial review of the Commissioner's final decision to deny disability insurance benefits (DIB). In an August 29, 2013 Opinion & Order, I reversed the Commissioner's decision, concluding that the Administrative Law Judge (ALJ) erred by failing to consider the entirety of Dr. Rory Richardson's opinion and Tonie Tartaglia's testimony. I ordered that the case be reversed and remanded for an award of benefits. Judgment was entered on August 29, 2013.

Plaintiff now seeks an award of fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA). Defendant opposes the motion, arguing that the Commissioner's decision was substantially justified. For the reasons explained below, I disagree with Defendant and grant Plaintiff's application for fees pursuant to EAJA [35].

STANDARD

EAJA requires an award of attorney's fees to prevailing parties in civil actions against the United States unless the position of the United States was substantially justified. 28 U.S.C. § 2412(d)(1)(A). There is no dispute that plaintiff was the prevailing party. Defendant makes no objection to the calculation of the amount of fees requested. The only issue is whether the Commissioner's position was substantially justified.

The burden is on the Commissioner to show that his position was substantially justified.

Hardisty v. Astrue, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010).  Although "Congress did not intend fee shifting [under EAJA] to be mandatory[,]" "EAJA creates a presumption that fees will be awarded to prevailing parties."  Flores v. Shalala, 49 F.3d 562, 567 (9th Cir. 1995).  However, the "government's failure to prevail does not raise a presumption that its position was not substantially justified."  Kali v. Bowen, 954 F.2d 329, 332 (9th Cir 1988).  To establish that its position was substantially justified, the government must show that the underlying ALJ decision had "a reasonable basis both in law and fact."  Pierce v. Underwood, 487 U.S. 552, 565 (1988).  This involves looking to the record of both the underlying government conduct at issue and the totality of circumstances present before and during litigation.  Barry v. Bowen, 825 F.2d 1324, 1330 (9th Cir. 1987).

## DISCUSSION

In this case, the ALJ crafted an RFC that did not fully account for the severity of Plaintiff's memory impairment.  First, "[t]he ALJ erred by not fully incorporating Dr. Richardson's opinion."  August 29, 2013 Op. & Order [23], 7.  "Even with written instructions and the ability to take notes on those instructions, with Plaintiff's severely impaired memory, Plaintiff would need to constantly be advised or constantly look at his notes to complete tasks."  Id.  Regarding Tartaglia's testimony, the ALJ did not address her observations that Plaintiff needed to "have directions repeated to him many times and the need to have someone watching over him as the task is completed."  Id. at 8.

Defendant argues that its position was substantially justified on these issues because (1) the ALJ's interpretation of Dr. Richardson's report was rational and (2) Tartaglia's testimony was not probative because it did not relate to Plaintiff's ability to work.  Def.'s Resp. 3, 4.  First, the error involving Dr. Richardson's opinion is not an issue of whether the report was interpreted

rationally. I found that the ALJ did not fully incorporate Dr. Richardson's report regarding Plaintiff's memory impairment. Second, Tartaglia's testimony regarding Plaintiff's need to have directions repeated or guidance with tasks is relevant to Plaintiff's ability to work. Plaintiff's RFC included limitations involving simple instructions, the need to write down those instructions, and the ability to refer to those instructions. Tartaglia's testimony was probative and it was error to reject such testimony without comment. I find that Defendant's position was not substantially justified.

## CONCLUSION

Based on the foregoing, Plaintiff's application for an award of EAJA fees [35] in the amount of $6,918.97 is granted.

IT IS SO ORDERED.

Dated this 28 day of Jan, 2014

_____
MARCO A. HERNANDEZ
United States District Judge

4 - OPINION & ORDER